UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MICHELE MODAFFARI, PABLO
SANCHEZ and BRADLEY CHUNG

    Plaintiffs,

    v.

TRIPLE L OF SOUTH FLORIDA, LLC.,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, MICHELE MODAFFARI, (herein referred to as "Plaintiff" or "MODAFFARI"), PABLO SANCHEZ, (herein referred to as "Plaintiff" or "SANCHEZ") and BRADLEY CHUNG (herein referred to as "Plaintiff" or "CHUNG," and collectively as "Plaintiffs") by and through their undersigned attorney, hereby file this Complaint against TRIPLE L OF SOUTH FLORIDA, LLC. ("Triple L" or "Defendant") and say:

### JURISDICTION AND VENUE

1. This action is brought against the Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act") and Florida Statutes § 440.205.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiffs were employed by Defendant in this District; because Defendant, at all material times, conducted and

continues to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiffs' claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. Plaintiffs say that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff MODAFARRI is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff MODAFARRI was employed by Defendant as a driver. Plaintiff was therefore an employee as defiled by 29 U.S.C. § 203(e) and was regularly engaged in commerce.

6. Plaintiff CHUNG is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a driver. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and was regularly engaged in commerce.

7. Plaintiff SANCHEZ is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff was employed by Defendant as primarily in the warehouse and partially as a driver. Plaintiff was therefore an employee as defiled by 29 U.S.C. § 203(e) and was regularly engaged in commerce

8. Defendant is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Pompano Beach, Broward County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9. Defendant is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Defendant upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

## GENERAL ALLEGATIONS

12. Plaintiffs were non-exempt employees of Defendant and are subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

13. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiffs performed services for Defendant for which no provision was made to properly pay for those hours worked over forty in a given workweek.

14. Plaintiff MODAFFARI performed services for Defendant for which she did not receive proper overtime pay. Plaintiff worked for Defendant from June 2014 through May 2015.

15. Plaintiff CHUNG performed services for Defendant for which he did not receive proper overtime pay. Plaintiff worked for Defendant from September 2014 through May 2015.

16. Plaintiff SANCHEZ performed services for Defendant for which he did not receive proper overtime pay. Plaintiff worked for Defendant from April 2014 through May 2015.

17. The Defendant and its representatives knew that Plaintiffs were working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

18. The Defendant maintained complete control over the hours Plaintiffs worked and the pay they were to receive.

19. In the course of employment with Defendant, Plaintiff MODAFFARI worked the number of hours required of her, but was not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek. Plaintiff MODAFFARI averaged approximately 50-55 work hours per week during the relevant time frame of June 2014 through May 2015.

20. In the course of employment with Defendant, Plaintiff CHUNG worked the number of hours required of him, but was not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek. Plaintiff CHUNG averaged approximately 50-55 work hours per week during the relevant time frame of September 2014 through May 2015.

21. In the course of employment with Defendant, Plaintiff SANCHEZ worked the number of hours required of him, but was not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek. Plaintiff SANCHEZ averaged approximately 43-45 work hours per week during the relevant time frame of April 2014 through May 2015.

22. Plaintiffs were usually compensated for exactly 40 hours per workweek, regardless of the time Plaintiffs actually spent working for Defendants which was generally 50-55 hours per week for MODAFFARI and CHUNG, and 43-45 hours for SANCHEZ.

23. The records, if any, concerning the number of hours actually worked by Plaintiffs and the compensation actually paid to them are, upon information and belief, in the possession, custody and control of Defendant.

24. On or about March 17, 2015, Plaintiff MODAFFARI injured her back lifting boxes in a truck while on the clock. Plaintiff subsequently filed a claim under worker's compensation. Plaintiff MODAFFARI was terminated from her position with Defendant on May 10, 2015 without reason.

25. On or about March 24, 2015, Plaintiff SANCHEZ injured his back lifting cargo in the warehouse while on the clock. Plaintiff subsequently filed a claim under worker's compensation. Plaintiff Sanchez was terminated from his position with Defendant on May 5, 2015 without reason and while still out on worker's compensation leave.

26. Plaintiffs have retained the undersigned firm to prosecute this action on their behalf and have agreed to pay it a reasonable fee for its services.

27. Plaintiffs are entitled to their reasonable attorneys' fees and costs if they are the prevailing party in this action.

## COUNT ONE – VIOLATION OF FLSA / OVERTIME
*(ON BEHALF OF ALL PLAINTIFFS)*

28. Plaintiffs re-allege and re-aver paragraphs 1–27 as fully set forth herein.

29. Since the commencement of Plaintiffs' employment, Defendant has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times the regular rates for which they were employed. Specifically, MODAFFARI and CHUNG each worked approximately 50-55 hours during each work week in which they was employed and SANCHEZ worked 43-45 such hours, but each was only compensated at his/her regular rate for those hours up to forty (40) in a given week; and were usually not compensated at all for any hours worked over 40 in a work-week.

30.     Plaintiffs were not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that they were neither bona fide executive, administrative, or professional employees.

31.     Defendant has knowingly and willfully failed to pay Plaintiffs at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

32.     By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

33.     As a result of Defendant's willful violations of the Act, Plaintiffs are entitled to liquidated damages.

34.     Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiffs demand judgment for:

a)     Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiffs by reason of Defendant's violation of the FLSA.

b)     Interest on the amount found due;

c)     Liquidated damages;

d)     A jury trial on all issues so triable;

e)     Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f)     Such other relief as the Court deems just and proper.

## **COUNT TWO: VIOLATION OF WORKER'S COMPENSATION LAWS**
*(ON BEHALF OF PLAINTIFF MODAFFARI)*

35. Plaintiff MODAFFARI re-alleges and re-avers paragraphs 1-27 as though fully set forth herein.

36. Plaintiff MODAFFARI filed a valid worker's compensation claim under Florida law in March 2015 as a result of an injury suffered by her while performing work for Defendant.

37. On May 10, 2015, Plaintiff MODAFFARI was summarily discharged from employment by Defendant.

38. Plaintiff MODAFFARI was not given a reason for her discharge and it is clear that Defendant terminated Plaintiff MODAFFARI because of her valid worker's compensation claim; or that Plaintiff MODAFFARI's valid worker's compensation claim was a motivating factor in Defendant's decision to terminate her, in violation of Florida Statutes § 440.205.

39. Plaintiff MODAFFARI's work record with Defendant prior to her termination was satisfactory.

40. Any purported reason for Plaintiff MODAFFARI's discharge given by Defendant is pretextual.

WHEREFORE, Plaintiff MODAFFARI demands judgment for:

a) Plaintiff's lost wages and/or benefits as a result of her termination;

b) Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

c) Interest on all monies owed;

d) Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

e) A trial by jury; and

f) Any other relief this Court deems proper.

**COUNT THREE: VIOLATION OF WORKER'S COMPENSATION LAWS**
*(ON BEHALF OF SANCHEZ)*

41. Plaintiff SANCHEZ re-alleges and re-avers paragraphs 1-27 as though fully set forth herein.

42. Plaintiff SANCHEZ filed a valid worker's compensation claim under Florida law in March 2015 as a result of an injury suffered by him while working for Defendant.

43. On or about May 5, 2015, Plaintiff SANCHEZ was summarily discharged from employment by Defendant.

44. Plaintiff SANCHEZ was not given a reason for his discharge and it is clear that Defendant terminated Plaintiff SANCHEZ because of his valid worker's compensation claim or that Plaintiff SANCHEZ's valid worker's compensation claim was a motivating factor in Defendant's decision to terminate him, in violation of Florida Statutes § 440.205.

45. Plaintiff SANCHEZ's work record with Defendant prior to his termination was satisfactory.

46. Any purported reason for Plaintiff SANCHEZ's discharge given by Defendant is pretextual.

WHEREFORE, Plaintiff SANCHEZ demands judgment for:

a) Plaintiff's lost wages and/or benefits as a result of his termination;

b) Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

c) Interest on all monies owed;

d) Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

e) A trial by jury; and

f) Any other relief this Court deems proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues contained herein so triable as a matter of right.

Dated: July 10, 2015.

        **LAW OFFICES OF CHARLES EISS, P.L.**
        Attorneys for Plaintiffs
        7951 SW 6th Street, Suite 308
        Plantation, Florida 33324
        (954) 990-6923 (Telephone)
        (855) 423-5298 (Facsimile)

By: **/s/ Charles Eiss**
     CHARLES M. EISS, Esq.
     Fla. Bar #612073
     ceiss@icelawfirm.com
     LINDSAY M. MASSILLON, Esq.
     Fla. Bar #92098
     lmassillon@icelawfirm.com